UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **RANDY DEE DEMPSEY** : | **DOCKET NO. 19-cv-0055** |
| **REG. # 57866180** | **SECTION P** |
| **VERSUS** : | **UNASSIGNED DISTRICT JUDGE** |
| **RODNEY MYERS** : | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by pro se petitioner Randy Dee Dempsey. Dempsey is an inmate in the custody of the Bureau of Prisons ("BOP") and is currently incarcerated at the Federal Correctional Institution at Oakdale, Louisiana ("FCIO"). This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this court.

### I.
### BACKGROUND

Dempsey brings this petition to challenge his 2006 conviction and sentence in the United States District Court for the Western District of Texas. After pleading guilty to one count of unlawful transport of firearms by a convicted felon under 18 U.S.C. § 922(g), Dempsey was sentenced to a 188 month term of imprisonment, enhanced under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), based on two prior convictions for burglary and one for aggravated robbery under Texas Penal Code §§ 30.02(a)(1) and 29.03.[1] *United States v. Dempsey*, No. 1:06-cr-0060, docs. 19, 25, 28 (W.D. Tex. Sep. 5, 2006); *see id.* at doc. 64. Dempsey did not appeal his

---

[1] The ACCA provides for enhanced penalties for those convicted under 18 U.S.C. § 922(g) who also have at least three previous convictions for a violent felony or serious drug offense. 18 U.S.C. § 924(e)(1).

conviction or sentence, but he did file a motion to vacate under 28 U.S.C. § 2255 on or about August 22, 2007. *Id.* at doc. 29. There he claimed that his sentence was improperly enhanced under § 4B1.4(a) of the United States Sentencing Guidelines, when the court construed the burglary conviction referenced in his indictment as a crime of violence. *Id.* After ordering a response from the government, the court rejected his claim and denied relief. *Id.* at doc. 35.

In October 2014, Dempsey filed a successive motion to vacate, alleging that the Supreme Court's recent decision in *Descamps v. United States*, 133 S.Ct. 2276 (2013), called his conviction and sentence into question. *Id.* at doc. 38. The district court transferred the matter to the United States Court of Appeals for the Fifth Circuit, and the Fifth Circuit denied Dempsey authorization to proceed with a successive § 2255 motion. *Id.* at docs. 40, 45. Dempsey then filed a third § 2255 motion on May 31, 2016, seeking relief from his ACCA enhancement based on the Supreme Court's decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015), because he maintained that his Texas burglary convictions only qualified as crimes of violence under the residual clause of the ACCA.[2] *Id.* at doc. 48.

This time the Fifth Circuit authorized the filing of a successive § 2255 motion, and the Office of the Federal Public Defender was appointed to represent Dempsey. *Id.* at docs. 46, 47. The district court then denied relief, holding that Dempsey's Texas burglary convictions qualified as violent felonies under the ACCA as laid out by the Fifth Circuit in *United States v. Uribe*, 838 F.3d 667, 670–71 (5th Cir. 2016), and that his sentence was therefore appropriately enhanced under the ACCA. *Id.* at docs. 64, 65. Shortly thereafter, however, the Fifth Circuit overruled *Uribe*

---

[2] The ACCA defines violent felonies under either the elements clause, as a crime having as an element the use, attempted use, or threatened use of physical force against another, as one of certain enumerated offenses construed under their generic definitions, or under the residual clause as a crime "otherwise [involving] conduct that presents a serious risk of potential harm to another." 18 U.S.C. § 924(e)(2)(B). In *Johnson*, the Supreme Court held that the residual clause was unconstitutionally vague. 135 S.Ct. at 2557. Accordingly, a prior conviction must fit within the generic definition of one of the enumerated offenses or involve physical force as an element to qualify as a predicate offense under the ACCA.

with *United States v. Herrold*, 883 F.3d 517 (5th Cir. 2018), and held that a conviction under Texas Penal Code § 30.02(a)(1), could not serve as a predicate offense under the ACCA because the Texas burglary statute is indivisible and a portion thereof is broader than the ACCA's generic burglary counterpart. Accordingly, Dempsey moved the district court to reconsider. *Id.* at docs. 67, 69. The court denied the motion, agreeing that its prior ruling could no longer stand in light of *Herrold* but determining that Dempsey should instead file another successive § 2255 motion based on that case, for which he must first obtain authorization from the Fifth Circuit. *Id.* at doc. 71. Dempsey also filed a notice of appeal to the Fifth Circuit, which rejected his request for a certificate of appealability via judgment dated October 31, 2018. *Id.* at docs. 66, 73. Dempsey now files the instant habeas petition, seeking relief from his ACCA-enhanced sentence based on *Johnson* and *Herrold* and alleging ineffective assistance of post-conviction counsel. Doc. 1; doc. 1, att. 1.

## II.
## LAW & ANALYSIS

### A. *Screening of Habeas Corpus Petitions*

A district court may apply any and all of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to those filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts. Rule 4 of the Rules Governing § 2254 Cases authorizes preliminary review of such petitions, and states that they must be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *Id.* at Rule 4. To avoid summary dismissal under Rule 4, the petition must contain factual allegations pointing to a "real possibility of constitutional error." *Id.* at Rule 4, advisory committee note (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). Accordingly, we review the pleadings and exhibits before us to determine whether any right to relief is indicated, or whether the petition must be dismissed.

### B. Section 2241

A § 2241 petition on behalf of a sentenced prisoner "attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). In order to prevail, a § 2241 petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

Dempsey attacks his sentence based on the enhancement applied under the ACCA. Such attacks are generally limited to a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001); *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000). A § 2241 petition is properly construed as a § 2255 motion if it seeks relief based on errors that occurred at trial or sentencing. *Tolliver*, 211 F.3d at 877–78. Habeas relief based on a collateral attack to a federal conviction is only appropriate under § 2241 if the petitioner can satisfy § 2255's "savings clause."

The savings clause of 28 U.S.C § 2255 permits a petitioner to seek *habeas* relief under § 2241 when the remedy provided under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). "A § 2241 petition is not, however, a substitute for a motion under § 2255, and the burden of coming forward with evidence to show the inadequacy or ineffectiveness of a motion under § 2255 rests squarely on the petitioner." *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). The fact that a prior motion was unsuccessful, or that the petitioner is unable to meet the statute's second or successive requirement, does not make § 2255 inadequate or ineffective. *Id.* Instead, the petitioner must demonstrate the following to satisfy § 2255's savings clause: (1) that his claim is based on a retroactively applicable Supreme Court decision establishing that he may have been convicted of a nonexistent offense, **and** (2) that his claim was foreclosed

by circuit law at the time when it should have been raised in his trial, appeal, or first § 2255 motion. *Reyes-Requena v. United States*, 243 F.3d 893, 903–04 (5th Cir. 2001).

As the Fifth Circuit has repeatedly emphasized, the savings clause only relates to "[conviction] of a nonexistent offense" – not to innocence of a sentencing enhancement. *Maddox v. Maye*, 455 Fed. App'x 435, 437 (5th Cir. 2011) (unpublished) (citing *Kinder v. Purdy*, 222 F.3d 209, 213 (5th Cir. 2000)). The Fifth Circuit recently applied this holding to deny review under § 2241 of a *Johnson*/ACCA challenge, noting that "[i]n the absence of an *en banc* decision by this court or an intervening Supreme Court decision overruling circuit precedent that a § 2241 petition cannot be used to challenge solely the validity of a federal sentence, this court is bound by its own precedent." *Logan v. Warden FCC Beaumont*, 644 Fed. App'x 280, 280–81 (5th Cir. 2016). Dempsey does not challenge his § 922(g) conviction under this petition. Accordingly, he cannot satisfy the savings clause and this court is without jurisdiction to review his request for relief under § 2241. Dempsey may instead seek relief under *Herrold* through a successive § 2255 motion, as the district court instructed him.

### III.
#### CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED** that this petition be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon

-6-

grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

    THUS DONE AND SIGNED in Chambers this 23rd day of January, 2019.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE